IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MALLORY GUILLAUME,

    Plaintiff,

vs.

NEW HOPE MEDICAL GROUP LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, MALLORY GUILLAUME, sues Defendant, NEW HOPE MEDICAL GROUP LLC, and shows:

### Introduction

1. This is an action by MALLORY GUILLAUME against her former employer for unpaid overtime pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, MALLORY GUILLAUME, (hereinafter "GUILLAUME") a resident of Broward County, Florida, was at all times material, employed by NEW HOPE MEDICAL GROUP LLC as a medical assistant/front desk clerk for Defendant, was an

employee as defined by 29 U.S.C. § 203 (e), and during her employment with Defendant was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).  To wit: GUILLAUME regularly and consistently used the phone and internet to communicate with out of state insurance companies, processed electronic transactions from patients for co-payments, and handled goods and materials that traveled in interstate commerce.

5.   Defendant, NEW HOPE MEDICAL GROUP LLC (hereinafter, "NEW HOPE"), is a Florida Limited Liability Company doing business in Broward County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the medical office where GUILLAUME was employed.  At all times pertinent to this Complaint, NEW HOPE operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and NEW HOPE obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

6. From February 14, 2022 through August 14, 2022, Defendant NEW HOPE has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically GUILLAUME, since February 14, 2022, has worked in excess of 40 hours a week most weeks of her employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed.

7. The failure to pay overtime compensation to GUILLAUME is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee.

8. NEW HOPE's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and GUILLAUME' status as non-exempt, but chose not to pay her in accordance with the Act.

9. GUILLAUME is entitled pursuant to 29 U.S.C. § 216(b), to recover from NEW HOPE:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, MALLORY GUILLAUME, prays that this court will grant judgment against Defendant NEW HOPE MEDICAL GROUP LLC:

      a.      awarding GUILLAUME payment of overtime compensation found by the court to be due to her under the Act;

      b.      awarding GUILLAUME an additional equal amount as liquidated damages;

      c.      awarding GUILLAUME her costs, including a reasonable attorney's fee; and

      d.      granting such other and further relief as is just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: September 13, 2022
Plantation, Florida

Respectfully submitted,

/s/Robert S. Norell
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for MALLORY GUILLAUME*